No. 150. DICKINSON v. PETROLEUM CONVERSION CORP. C. A. 2d Cir. Certiorari granted limited to questions 1 and 2 presented by the petition for the writ, *i. e.:*

"1. Where two rival claimants each sought the recovery of a particular sum from other parties to the action, and judgment after trial, entered in 1947, dismissed on the merits one of said claims and granted recovery in a fixed amount to the other claimant, a spurious class,* and provided for judgment apportioning said recovery to members of the class after opportunity to absent members to intervene and claim their respective shares, and all other issues in the action were disposed of by said 1947 judgment, and the unsuccessful claimant failed to appeal therefrom within the statutory period, is its receiver in bankruptcy nevertheless entitled to a review of said 1947 judgment, dismissing its claim on the merits, by an appeal from the 1948 judgment apportioning the recovery to members of the class constituting the successful claimant?

"2. Where a corporation intervenes in an action and pleads a claim against the plaintiff and one of the defendants for a particular sum of money based upon breach of fiduciary obligation, and representatives of subscribers to the stock of said corporation simultaneously intervene and assert a claim for the same amount on behalf of the class on the ground that the sum sought came out of funds belonging to said class, alleging, however, that either said class or the corporation was entitled to the recovery, and the action is tried on behalf of both the corporation and the class by a single counsel, the attorney for the corporation, and at the end of the trial both submitted a single brief and a single set of proposed findings and conclusions of law, both leaving it to the trial court to decide whether, if a recovery was to be had, to which of said claimants it should be awarded, and the decree, dismissing the claim of

---

"*Rule 23 (a) (3), Federal Rules of Civil Procedure."

the corporation on the merits and sustaining the claim of the class and fixing the total recovery thereon, was entered on the joint motion of the attorney for the corporation and the attorney for the class, and the attorney for the class was an officer of and an attorney for the corporation, should the Court of Appeals have dismissed the appeal seeking review of said decree on behalf of the corporation by its receiver in bankruptcy, on the ground that the decree was a consent decree, it appearing that both the corporation and the class had asserted and prosecuted their claims and jointly entered said decree on the basis that it was satisfactory to both if either recovered?"

*Solomon Kaufman* and *Samuel Hershenstein* for petitioner. *Harry J. Pasternak* for respondent.